**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARI MAN TAMANG, | No. 10-70325 |
| Petitioner, | Agency No. A099-358-053 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2015**
San Francisco, California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

This petition challenges a final order of removal issued by the Board of

Immigration Appeals ("BIA"), affirming an immigration judge's denial of

applications for asylum, withholding of removal, and protection under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We deny Tamang's petition because he did not establish that one of the central reasons for his claimed fear of persecution was a protected ground, nor that he would more likely than not be tortured were he to be removed to Nepal.

To prevail on an asylum claim, a petitioner must show a nexus between fear of persecution and one of the five protected grounds.[1] *Regalado-Escobar v. Holder*, 717 F.3d 724, 728 (9th Cir. 2013).  The BIA correctly determined that Tamang failed to establish such a nexus because "reasonable, substantial and probative evidence," *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), supports the conclusion that the Maoists' recruitment and subsequent reprisal was motivated not by Tamang's political opinion or status as a former military officer, but rather by their interest in utilizing his training and experience, something Tamang himself confirmed: "[t]he only reason [the Maoists] are after me is I had some experience so I can train them . . . that is the only reason they are after me."[2]

---

[1]  The appropriate test is whether the protected ground was at least one of the "central reason[s]" for persecution, *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (citing 8 U.S.C. § 1158(b)(1)(B)(i)), rather than the "at least in part" test in *Borja v. I.N.S.*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc) (superseded by REAL ID Act).

[2]  Given that Tamang does not prevail on his asylum claim, he necessarily fails to meet the higher standard required for withholding.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

An applicant seeking CAT protection bears the burden of establishing that it is "more likely than not" that he would be tortured if he were to be removed to the country of removal. 8 C.F.R. § 208.16(c)(2). Based on our review of the record, we conclude that Tamang failed to show it is more likely than not that he would be tortured if removed to Nepal. Tamang provided no evidence of past persecution rising to the level of torture, nor is there evidence that he could not relocate to Kathmandu. The evidence in the record does not compel a conclusion that the BIA's decision was incorrect. *See Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010).

**PETITION DENIED.**